IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | NO.  21 B 13158 |
| Glenn & Michelle Wagner | Judge LaShonda A. Hunt |
| Debtors | Ch. 13 (Joliet) |

OBJECTION TO CONFIRMATION

Now comes Ford Motor Credit Company LLC, a creditor herein, by Sherman & Purcell, LTD., its attorneys, and for its objection to confirmation of the debtor's proposed Chapter 13 plan respectfully represents as follows:

1. That Ford Motor Credit Company LLC is the creditor of the Debtors with respect to a debt secured by a 2017 Ford Edge, and said debt is to be paid directly in section 3.3.  At the time the case was filed the amount due was $10,618.27 plus interest.

2. The plan in 3.3 provides that the debtor will make direct payments of $348 but it  the correct payment amount is $348.52.  Furthermore, it does not mirror the terms of the contract and is silent as to such provisions as late charges, etc.

3. The plan does not provide interest and the contractual interest rate is 3.99%.  The interest rate needs to be specified in part 3.3.

4. The plan should be amended to provide as follows in part 8.1: "The Debtor shall remain in full compliance, including but not limited to, payments that are being paid directly by the debtor, interest, late charges, etc, with the underlying retail installment contact as to the debt owed to Ford Motor Credit Company LLC.  Ford Motor Credit Company LLC shall retain its lien on the 2107 Ford Edge until such time as the underlying retail installment contract is fully satisfied pursuant to applicable non-bankruptcy law.

5. There is a non-filing co-obligor pursuant to the contract, a co-owner pursuant to the title and is not a party to this case.  This is why the plan must provide for lien retention until such time as the underlying retail installment contract is fully satisfied pursuant to applicable non-bankruptcy law. As stated by one court, "this Court cannot find that either the nonfiling co-debtor's personal liability to [the creditor] or the in rem claim of [the creditor] against the interest of the nonfiling co-debtor is in

any way affected by the Chapter 13 filing of the Debtor, other than by the effects of the co-debtor stay provisions of the Code." In re James Harris, 199 B.R. 434, 438; 1996 Bankr. Lexis 1045.

6. The language above is because the contract should control the payment terms, etc. If the direct payments are not made, or if their chapter 13 case is completed prior to this debt being paid in full, the debtors should not receive a discharge to this debt pursuant to section 1328. If the Debt is to be discharged by the bankruptcy than an order should be entered requiring the Trustee to verify the direct payments were made prior to indicating that all payments have been made and the plan is complete.

7. "The debtor has the burden of proving that its proposed plan is confirmable. *Matter of Wolff, 22 B.R. 510, 512 (9th Cir. BAP 1982); In re Moore, 319 B.R. 504, 515 (Bankr. S.D. Tex 2005); In re Hogue, 78 B.R. 867, 872 (Bankr. S.D. Ohio 1987).* In the face of what appear to be valid Complaints, see e.g., *In re Brown, 339 B.R. 818, 821 (Bankr. S.D. Ga. 2006); [*3] In re Murray, 346 B.R. 237 (Bankr. M.D. Ga 2006); In re Sparks, 346 B.R. 767 (Bankr. D.D. Ohio 2006); In re Wampler, 45 B.R. 730 (Bankr. D. Kan. 2006); In re Bufford, 343 B.R. 827 (Bankr. N.D. Tex 2006).* To which the debtor has offered no response, the court is left with the little alternative other than to sustain the objections". In re Posey, 2006 Bankr LEXIS 2472.

WHEREFORE, FORD MOTOR CREDIT COMPANY LLC prays that this Honorable Court enter an Order denying confirmation of the Debtor's proposed Chapter 13 plan, and for such other and further relief as this Court may deem just and equitable.

Christopher H. Purcell                              FORD MOTOR CREDIT COMPANY LLC
Sherman & Purcell, LTD.
112 Cary Street                                     BY: _____/s/ Christopher H. Purcell_____
Cary, Illinois 60013                                         One of its Attorneys
Shermlaw13@aol.com
Phone: (312) 372-1487

## CERTIFICATE OF SERVICE

I, the above signed attorney, certify that on November 23, 2021 I electronically filed the foregoing Objection to Confirmation with the Clerk of the Court using the ECF system which sends notifications of such filing to the following:

Dustin B. Allen, Attorney for the Debtor,

Patrick Layng, U.S. Trustee,

& Glenn B. Stearns, Chapter 13 Trustee